# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT L. LONGO JR., | Civil No. 3:22-cv-1199 |
| Plaintiff | (Judge Mariani) |
| v. | |
| HANNAH TROSTLE, RNS, MR. ARQUELLES, PA, DR. VOORSTAD, | |
| Defendants | |

## MEMORANDUM

Plaintiff Robert Longo ("Longo"), an inmate housed the State Correctional Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), commenced this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Nurse Trostle, Physician Assistant Arquelles, and Dr. Voorstad. Before the Court is a Rule 12(b) motion to dismiss filed by Defendant Trostle. (Doc. 18). For the reasons set forth below, the motion will be granted with leave to amend only the medical malpractice claim.

## I. Allegations of the Complaint

On April 22, 2021, Longo began to experience back pain and submitted a sick call slip. (Doc. 1 ¶ 3). Defendant Arquelles, a physician's assistant, examined Longo the following day. (*Id.* ¶ 4). Defendant Arquelles prescribed painkillers and muscle relaxers and ordered x-rays. (*Id.*). On May 6, 2021, Longo underwent x-rays of his lower lumber area. (*Id.* ¶ 5). Longo alleges that he continued to experience pain, and, on May 17, 2021,

he submitted a second sick call slip. (*Id.* ¶ 6). On May 18, 2021, Defendant Arquelles again examined Longo and prescribed a different pain medication, Celebrex. (*Id.* ¶ 7). Longo asserts that he continued to experience pain until he received the Celebrex on May 23, 2021. (*Id.* ¶ 8).

On June 7, 2021, Defendant Arquelles examined Longo and informed him that the x-rays taken on May 6, 2021 were normal. (*Id.* ¶ 10). Longo requested a second opinion from a spinal specialist, but his request was denied. (*Id.* ¶¶ 9, 10).

From July 2021 through October 2021, Longo submitted at least nine (9) more sick call slips complaining of lower back pain, requesting an opinion by a spinal specialist, and requesting a bottom bunk. (*Id.* ¶¶ 11-31). Longo alleges that, on some occasions, he was not treated by medical staff. (*Id.*). On other occasions, Longo states that he was examined by the prison medical staff, including Defendant Dr. Voorstad. (*Id.*). His requests for an evaluation by a spinal specialist were repeatedly denied. (*Id.*). Longo was prescribed steroids, anti-inflammatory medication, muscle relaxers, given a back brace, and put on bottom-bunk status. (*Id.* ¶¶ 19, 28). Longo contends that these treatments were not entirely effective, and his back pain continued. (*Id.* ¶¶ 21, 29).

During this time period, Longo submitted several unsuccessful grievances complaining about his medical treatment and requesting a consult with an outside spinal specialist. (*Id.* ¶¶ 33-41). On June 16, 2021, Defendant Nurse Trostle responded to one grievance and upheld the denial of Longo's request to see a spinal specialist. (*Id.*; Doc. 1-

4). Longo also alleges that he submitted request slips to Defendant Trostle, "all to no avail." (Doc. 1 ¶ 31).

## II. **Legal Standard**

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

### A. Eighth Amendment Deliberate Indifference Claim

Longo alleges that Defendants were deliberately indifferent to his serious medical need, in violation of the Eighth Amendment, with respect to the treatment of his back pain.

4

The Eighth Amendment prohibits the infliction of cruel and unusual punishment on prisoners. *Fuentes v. Wagner*, 206 F.3d 335, 344 (3d Cir. 2000). In the context of medical care, the Eighth Amendment "requires prison officials to provide basic medical treatment to those whom it has incarcerated." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). To establish an Eighth Amendment claim based on a prison's denial of medical care, an inmate must allege acts or omissions by prison officials that were sufficiently harmful to establish deliberate indifference to a serious medical need. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004); *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). The relevant inquiry is whether the defendant: (1) was subjectively deliberately indifferent (2) to the plaintiff's objectively serious medical needs. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Chavarriaga v. N.J. Dep't of Corr.*, 806 F.3d 210, 226 (3d Cir. 2015).

The "deliberate indifference" prong of the applicable Eighth Amendment analysis requires that the defendant actually know of and disregard "an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. Circumstantial evidence can establish subjective knowledge on the part of the defendant if it shows that the excessive risk was so obvious that the official must have known about it. *See Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001) (citing *Farmer*, 511 U.S. at 842). The Third Circuit has found deliberate indifference when a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment

based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197.

The second prong of the Eighth Amendment inquiry is whether the plaintiff's medical needs were serious. A serious medical need is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth Cty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). Not every condition is a serious medical need; instead, the serious medical need element contemplates a condition of urgency, namely, one that may produce death, degeneration, or extreme pain. *See id.*

Moreover, because only egregious acts or omissions can violate this standard, mere medical malpractice cannot result in an Eighth Amendment violation. *White v. Napoleon*, 897 F.2d 103, 108-10 (3d Cir. 1990); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("[M]edical malpractice does not become a constitutional violation merely because the victim is a prisoner."). The Supreme Court has held that negligence or inadvertence alone do not rise to the level of a constitutional violation. *Whitley v. Albers*, 475 U.S. 312 (1986).

Prison medical authorities are given considerable latitude in the diagnosis and treatment of inmate patients, *see Young v. Kazmerski*, 266 F. App'x 191, 194 (3d Cir. 2008), and a doctor's disagreement with the professional judgment of another doctor is not actionable under the Eighth Amendment. *See White*, 897 F.2d at 108-10. Furthermore, it is well-settled that an inmate's dissatisfaction with a course of medical treatment, standing

alone, does not give rise to a viable Eighth Amendment claim. *See Brown v. Borough of Chambersburg*, 903 F.2d 274, 278 (3d Cir. 1990) ("[A]s long as a physician exercises professional judgment his behavior will not violate a prisoner's constitutional rights."); *Pearson v. Prison Health Servs.*, 850 F.3d 528, 535 (3d Cir. 2017) ("[W]hen medical care is provided, we presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care.").

Here, Longo fails to demonstrate that Defendant Trostle was deliberately indifferent to his serious medical need. Longo generally alleges that all Defendants exhibited deliberate indifference by not approving a second opinion from a spinal specialist, denying him pain relief medication, and failing to properly diagnose and treat his back pain. When Longo first presented for treatment on April 23, 2021, Defendant Arquelles considered his symptoms and, after he conducted an examination, prescribed painkillers and muscle relaxers and ordered x-rays. The x-ray results were normal. From April 2021 through August 2021 Longo was prescribed steroids, anti-inflammatory medication, muscle relaxers, given a back brace, and put on bottom-bunk status. Despite these treatments, Longo believes he should have received different treatment options.

A misdiagnosis or preference for a certain type of treatment will not alone rise to the level of deliberate indifference. *See, e.g., United States ex rel. Walker v. Fayette County, Pennsylvania*, 599 F.2d 573, 575 (3d Cir.1979); *Estelle*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state

7

a valid claim of medical mistreatment under the Eighth Amendment."). The complaint demonstrates that Longo received medical attention and treatment and diagnostic tests. Longo's assertion that he should have received different treatment and should have received an opinion from a spinal specialist constitutes a "mere disagreement as to the proper medical treatment," and is not an actionable Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. Additionally, to the extent that Longo asserts that Defendant Trostle's professional judgment was deficient, this also is not enough to rise to the level of a constitutional violation, and courts will not second guess whether a particular course of treatment is adequate or proper. *See Parham v. Johnson*, 126 F.3d 454, 458 n.7 (3d Cir. 1997) (citing *Inmates of Allegheny Cnty. Jail*, 612 F.2d at 762). Therefore, the Court will dismiss Longo's Eighth Amendment inadequate medical care claim against Defendant Trostle for failure to state a claim upon which relief may be granted.

**B.     Lack of Personal Involvement of Defendant Trostle**

Individual liability will be imposed under Section 1983 only if the state actor played an "affirmative part" in the alleged misconduct. *See Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005) (quoting *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998)). Liability "cannot be predicated solely on the operation of respondeat superior." *Id.* In other words, defendants in Section 1983 civil rights actions "must have personal involvement in the alleged wrongs . . . shown through allegations of personal direction or of actual knowledge and acquiescence." *Atkinson v. Taylor*, 316 F.3d 257, 271 (3d Cir. 2003); *Rode*, 845 F.2d

8

at 1207-08. A plaintiff must establish the particulars of conduct, time, place, and the person responsible. *Evancho*, 423 F.3d at 354; *Rode*, 845 F.2d at 1207-08. When a plaintiff merely hypothesizes that an individual defendant may have had knowledge of, or personal involvement in, the deprivation of his or her rights, individual liability will not follow. *Atkinson*, 316 F.3d at 271; *Rode*, 845 F.2d at 1207-08. A claim of a constitutional deprivation cannot be premised merely on the fact that the named defendant was the prison warden, or a prison supervisor, when the incidents set forth in the complaint occurred. *See Rode*, 845 F.2d at 1207.

It appears that Longo seeks to hold Defendant Trostle liable based upon her responses to inmate request slips and a grievance. (Doc. 1 ¶¶ 31, 47). However, the "failure of a prison official to provide a favorable response to an inmate grievance is not a federal constitutional violation." *Flanagan v. Shively*, 783 F. Supp. 922, 931-32 (M.D. Pa. 1992), *aff'd*, 980 F.2d 722 (3d Cir. 1992). Thus, any claims against Defendant Trostle that are premised on her responses to request slips and a grievance must fail because dissatisfaction with a response to an inmate's grievance does not support a constitutional claim. *See Brooks v. Beard*, 167 F. App'x. 923, 925 (3d Cir. 2006) (holding that allegations that prison officials responded inappropriately to an inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying constitutional deprivation); *Alexander v. Gennarini*, 144 F. App'x 924 (3d Cir. 2005) (concluding that involvement in the post-incident grievance process is not a basis for

liability). The motion to dismiss the Eighth Amendment claim will be granted based on a lack of personal involvement of Defendant Trostle.

C.     **Medical Malpractice Claim**

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. *Mitchell v. Shikora*, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. PA. R. CIV. P. 1042.3. The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional

standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed. PA. R. CIV. P. 1042.3(a)(1)-(3). Failure to file a certificate of merit is fatal to a plaintiff's claim. PA. R. CIV. P. 1042.7. The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience

and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d 52, 54 n.1 (Pa. 1997).

Defendant Trostle seeks to dismiss Longo's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements. In the complaint, Longo has attempted to plead a cause of action for medical malpractice; however, the purported certificates of merit, while flawed, also contain seemingly unequivocal statements by Longo that he is not pursuing medical malpractice claims. (*See* Docs. 22, 22-1). Since Longo's statements in the purported certificates of merit are in direct contradiction with the allegations of his complaint (*see* Doc. 1 ¶ 60), the Court will afford Longo the opportunity to amend his complaint only as to this cause of action.

## IV.   Leave to Amend

When a complaint fails to present a prima facie case of liability, district courts must generally grant leave to amend before dismissing the complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). Specifically, the Third Circuit Court of Appeals has admonished that when a complaint is subject to dismissal for failure to state a claim, courts should liberally grant leave to amend "unless such an amendment would be inequitable or futile." *Phillips*, 515 F.3d at 245 (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). The federal rules allow for liberal amendments in light of the "principle that the purpose of pleading is to facilitate a proper decision on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962)

(citations and internal quotations omitted). The Eighth Amendment claims against Defendant Trostle are factually and legally flawed; thus, the Court concludes that granting leave to amend with respect to this claim would be futile. However, the Court will grant Longo leave to amend the medical malpractice claim.

## V. Conclusion

For the reasons set forth above, the Court will grant the motion (Doc. 18) to dismiss by Defendant Trostle. Longo's Eighth Amendment claims against Defendant Trostle will be dismissed. Longo will be granted leave to amend his medical malpractice claim against Defendant Trostle.

A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: June ___, 2023