**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT L. LONGO JR., | : | Civil No. 3:22-cv-1199 |
| | : | |
| Plaintiff | : | (Judge Mariani) |
| | : | |
| v. | : | |
| | : | |
| HANNAH TROSTLE, RNS, MR. | : | |
| ARQUELLES, PA, DR. VOORSTAD, | : | |
| | : | |
| Defendants | : | |

**MEMORANDUM**

Plaintiff Robert Longo ("Longo"), an inmate housed at the State Correctional

Institution, Camp Hill, Pennsylvania ("SCI-Camp Hill"), commenced this civil rights action

pursuant to 42 U.S.C. § 1983. (Doc. 1). Named as Defendants are Nurse Trostle,

Physician Assistant Arquelles, and Dr. Voorstad. On October 11, 2022, Defendant Trostle

filed a motion (Doc. 18) to dismiss the original complaint. By Memorandum and Order

dated June 6, 2023, the Court dismissed the Eighth Amendment claims against Defendant

Trostle. (Docs. 25, 26). The Court also dismissed the medical malpractice claim against

Defendant Trostle, but granted Longo leave to amend only with respect to that claim. (*Id.*).

On June 23, 2023, Longo filed an amended complaint. (Doc. 27).

Before the Court is Defendant Trostle's Rule 12(b) motion (Doc. 29) to dismiss the

amended complaint. Longo failed to respond to the motion and the time for responding has

now passed.[1]  Therefore, the motion is deemed unopposed and ripe for resolution.  For the
reasons set forth below, the Court will grant the motion.

## I.   Allegations of the Complaint & Amendment

On April 22, 2021, Longo began to experience back pain and submitted a sick call
slip.  (Doc. 1 ¶ 3).  Defendant Arquelles, a physician's assistant, examined Longo the
following day.  (*Id*. ¶ 4).  Defendant Arquelles prescribed painkillers and muscle relaxers
and ordered x-rays.  (*Id*.).  On May 6, 2021, Longo underwent x-rays of his lower lumber
area.  (*Id*. ¶ 5).  Longo alleges that he continued to experience pain, and, on May 17, 2021,
he submitted a second sick call slip.  (*Id*. ¶ 6).  On May 18, 2021, Defendant Arquelles again
examined Longo and prescribed a different pain medication, Celebrex.  (*Id*. ¶ 7).  Longo
asserts that he continued to experience pain until he received the Celebrex on May 23,
2021.  (*Id*. ¶ 8).

On June 7, 2021, Defendant Arquelles examined Longo and informed him that the x-
rays taken on May 6, 2021 were normal.  (*Id*. ¶ 10).  Longo requested a second opinion
from a spinal specialist, but his request was denied.  (*Id*. ¶¶ 9, 10).

From July 2021 through October 2021, Longo submitted at least nine (9) more sick
call slips complaining of lower back pain, requesting an opinion by a spinal specialist, and
requesting a bottom bunk.  (*Id*. ¶¶ 11-31).  Longo alleges that, on some occasions, he was

---

[1]    Longo was directed to file a brief in opposition to Defendant Trostle's motion and was
admonished that failure to file an opposition brief would result in Defendant's motion being deemed
unopposed.  (Doc. 44) (citing M.D. PA. LOCAL RULE OF COURT 7.6).

not treated by medical staff.  (*Id*.).  On other occasions, Longo states that he was examined by the prison medical staff, including Defendant Dr. Voorstad.  (*Id*.).  His requests for an evaluation by a spinal specialist were repeatedly denied.  (*Id*.).  Longo was prescribed steroids, anti-inflammatory medication, muscle relaxers, given a back brace, and put on bottom-bunk status.  (*Id*. ¶¶ 19, 28).  Longo contends that these treatments were not entirely effective, and his back pain continued.  (*Id*. ¶¶ 21, 29).

During this time period, Longo submitted several unsuccessful grievances complaining about his medical treatment and requesting a consult with an outside spinal specialist.  (*Id*. ¶¶ 33-41).  On June 16, 2021, Defendant Nurse Trostle responded to one grievance and upheld the denial of Longo's request to see a spinal specialist.  (*Id*.; Doc. 1-4).  Longo also alleges that he submitted request slips to Defendant Trostle, "all to no avail." (Doc. 1 ¶ 31).

In the amendment to the complaint, Longo alleges that he continues to suffer from lower back issues.  (Doc. 27).  He alleges that "[a]ll Defendants" breached their duty by denying him access to appropriately qualified health care personnel, failed to refer him to a spinal specialist, failed to provide treatments that could eliminate his pain and suffering "at least temporarily," delayed access to medical personnel, and prescribed seizure medication that they claimed would ease his pain.  (*Id*. ¶¶ 6-7, 9, 11).

## II.    Legal Standard

A complaint must be dismissed under Federal Rule of Civil Procedure 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555).  In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted).  A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not

4

entitled to the assumption of truth.  Finally, where there are well-pleaded
factual allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere

possibility of misconduct, the complaint has alleged – but it has not show[n] – that the

pleader is entitled to relief."  *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks

omitted).  This "plausibility" determination will be a "context-specific task that requires the

reviewing court to draw on its judicial experience and common sense."  *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court

must permit a curative amendment unless such an amendment would be inequitable or

futile."  *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

[E]ven when plaintiff does not seek leave to amend his complaint after a
defendant moves to dismiss it, unless the district court finds that amendment
would be inequitable or futile, the court must inform the plaintiff that he or she
has leave to amend the complaint within a set period of time.

*Id.*

III.   **Discussion**

A.     **Eighth Amendment Deliberate Indifference Claim**

In the amendment, Longo alleges that "[a]ll Defendants" violated his rights under the

Eighth Amendment.  (Doc. 27 ¶¶ 5-7).  However, in the June 6, 2023 Memorandum and

Order, the Court granted Defendant Trostle's motion to dismiss the Eighth Amendment

claim, and found that granting leave to amend with respect to this claim would be futile.

5

(Docs. 25, 26). Longo was granted leave to amend only with respect to his medical malpractice claim against Defendant Trostle. (*Id.*). Therefore, to the extent that the amendment sets forth an Eighth Amendment claim against Defendant Trostle, this claim will be dismissed.

### B.   Federal Rule of Civil Procedure Rule 8(a)

Defendant Trostle next argues that Longo's amended complaint fails to comply with Federal Rule of Civil Procedure 8 and is a "shotgun pleading." (Doc. 35, pp. 5-8).

Federal Rule of Civil Procedure 8 establishes the general rules of pleading. *See* FED. R. CIV. P. 8. Rule 8(a) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(d)(1) speaks to factual allegations, requiring that "[e]ach allegation . . . be simple, concise, and direct." FED. R. CIV. P. 8(d)(1). These rules task the plaintiff to provide "the defendant notice of what the . . . claim is and the grounds upon which it rests." *Phillips*, 515 F.3d at 232 (quoting *Twombly*, 550 U.S. at 555). This standard requires more than legal labels and conclusory assertions: a complaint must include enough facts to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Complaints that violate Rule 8 are often referred to as "shotgun pleadings." *See Bartol v. Barrowclough*, 251 F. Supp. 3d 855, 859 (E.D. Pa. 2017). "The Third Circuit has criticized 'the all too common shotgun pleading approach' to complaints," which conflicts with the mandates of Rule 8(a)(2). *See id.* (quoting *Hynson v. City of Chester Legal Dep't*,

6

864 F.2d 1026, 1031, n. 13 (3d Cir. 1988)).  The Court of Appeals for the Eleventh Circuit has addressed shotgun pleadings in detail, and "district courts within the Third Circuit often cite to the Eleventh Circuit for this law." *Id.* at 859, n.3; *see Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313, 1320-1323 (11th Cir. 2015).  There are four readily identifiable categories of shotgun pleadings, including complaints that (i) contain multiple counts where each count adopts the allegations of all preceding counts; (ii) are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (iii) do not separate into each count each cause of action or claim for relief; and (iv) assert multiple claims against multiple defendants without specifying which of them are responsible for which acts or omissions.  *Bartol*, 251 F. Supp. 3d at 859 (citing *Weiland*, 792 F.3d at 1321-1323).  "And, although there are several characteristics that can make a complaint a shotgun pleading, they all have in common one thing: 'fail[ure] to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Grande v. Starbucks Corp.*, Civil Action No. 18-04036, 2019 WL 1455445 at *3 (E.D. Pa. Apr. 1, 2019).

Although Longo's amended complaint has some of the characteristics of a shotgun pleading, the Court will not dismiss the action on this ground.  The Court will proceed to address Longo's medical negligence claim.

## C.    Medical Negligence Claim

Under Pennsylvania law, medical negligence "can be broadly defined as the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573 Pa. 245, 254-55 (2003) (internal citations and quotations omitted).  Thus, a plaintiff must establish a duty owed by the physician or medical personnel to the patient, a breach of that duty, that the breach was the proximate cause of the plaintiff's injury, and that the damages suffered were a direct result of the harm.  *Toogood,* 573 Pa. at 254-55.  In addition, "[w]ith all but the most self-evident medical malpractice actions there is also the added requirement that the plaintiff must provide a medical expert who will testify as to the elements of duty, breach, and causation." *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 199 (2006); *see also Brady v. Urbas*, 111 A.3d 1155, 1162 (Pa. 2015) ("Except in the most obvious cases of negligence (such as where a gauze pad is left inside a patient's body), expert testimony is necessary to establish the standard of care."); *Toogood*, 573 Pa. at 254-55 ("Because the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury."  (internal citations and quotations omitted)).

Pennsylvania Rule of Civil Procedure 1042.3 further requires a plaintiff alleging professional negligence to file a certificate of merit within 60 days of filing the complaint. PA. R. CIV. P. 1042.3.  The certificate must include one of the following: a written attestation by "an appropriate licensed professional" that there is a "reasonable probability that the care, skill or knowledge exercised or exhibited" by the defendant "fell outside acceptable professional standards," and that this was the cause of the plaintiff's injuries; a statement that the claim against the defendant is based only on the professional negligence of those for whom the defendant is responsible; or a statement that expert testimony is unnecessary for the plaintiff's claim to proceed.  PA. R. CIV. P. 1042.3(a)(1)-(3).  Should a plaintiff certify that expert testimony is unnecessary, "in the absence of exceptional circumstances the attorney is bound by the certification and, subsequently, the trial court shall preclude the plaintiff from presenting testimony by an expert on the questions of standard of care and causation."  PA. R. CIV. P. 1042.3(a)(3).  Failure to file a certificate of merit is fatal to a plaintiff's claim.  PA. R. CIV. P. 1042.7.

Here, Longo appears to assert that he has satisfied the requirements of Pennsylvania's certificate of merit requirements by stating under Rule 1042.3(a)(3), that "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim."  (Doc. 27, p. 2).  The Pennsylvania Rules of Civil Procedure clearly state that a plaintiff is bound by his certification that "an expert is unnecessary for the prosecution of the claims, in the absence of exceptional circumstances."  PA. R. CIV. P. 1042.3(a)(3).  The

Rules further state that as a result of such certification, "the trial court shall *preclude the plaintiff from presenting testimony by an expert* on the questions of standard of care and causation." *Id.* (emphasis added); *see also Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 265 (3d Cir. 2011) ("[T]he consequence of…filing [a certificate of merit] is a prohibition against offering expert testimony later in the litigation, absent exceptional circumstances." (internal quotations omitted)). *Pro se* plaintiffs are not excluded from the binding and preclusive effects of a section (a)(3) certification. *Illes v. Beaven*, No. 1:12-CV-0395, 2012 WL 2836581, at *4 (M.D. Pa. July 10, 2012) (explaining that the *pro se* plaintiff's (a)(3) certification that "he does not need expert testimony precludes him from presenting such testimony"). Nor does a plaintiff's *pro se* status constitute an "exceptional circumstance" sufficient to override the expert testimony prohibition. *Cuevas v. United States*, Civil Action No. 09-43J, 2013 WL 4500470, at *10 (W.D. Pa. Aug. 21, 2013) *aff'd*, 580 F. App'x 71 (3d Cir. 2014).

In this case, as stated above, Longo filed a certificate of merit in which he declared: "expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant." (Doc. 27, p. 2). As this certification falls within section (a)(3) of the Pennsylvania Rules of Civil Procedure, Longo is therefore barred from offering expert testimony later in this litigation. Again, Pennsylvania law requires expert testimony to establish a claim for medical negligence. Therefore, without the ability to present expert

testimony, Longo is unable to establish a prima facie case for medical negligence, and therefore, cannot succeed on this claim.

Longo, however, appears to argue that expert testimony is unnecessary and seems to urge this Court to apply the exception to the requirement of expert testimony in medical negligence cases.  As mentioned briefly above, the Pennsylvania Supreme Court has defined a narrow exception to the expert testimony requirement where "the matter is so simple or the lack of skill or care so obvious as to be within the range of experience and comprehension of even non-professional persons, also conceptualized as the doctrine of *res ipsa loquitur*." *Toogood*, 573 Pa. at 255 (internal citations omitted).  Adopting the language of the Restatement (Second) of Torts, Section 328D, the Pennsylvania Supreme Court has stated that *res ipsa loquitur* applies when three conditions are met, "(a) *either a lay person is able to determine as a matter of common knowledge, or an expert testifies*, that the result which has occurred does not ordinarily occur in the absence of negligence; (b) the agent or instrumentality causing the harm was within the exclusive control of the defendant; and (c) the evidence offered is sufficient to remove the causation question from the realm of conjecture, but not so substantial that it provides a full and complete explanation of the event." *Toogood*, 573 Pa. at 262 (citing Restatement (Second) § 328D) (emphasis added).

Longo seems to argue that the circumstances of this case are such that a lay person could easily understand them and, therefore, fall within the stated exception.  The Court

11

finds that the medical issues presented by Longo require medical testimony and do not fall

within the exception to the requirement of expert testimony.  Arriving at a medical diagnosis

and then determining the appropriate medical treatment plan is complicated and requires

medical judgment.  In evaluating the prison medical personnel's opinions and treatment of

Longo's back pain, the fact finder would need more than his common knowledge and

experience as a layperson.  Thus, the Court finds that the narrow exception does not apply,

and medical expert testimony is required to prove both the standard of care and causation

for Longo's medical negligence claim.  *See Cuevas*, 2013 WL 4500470, at \*10, *aff'd*, 580 F.

App'x 71 (3d Cir. 2014) (finding that a determination regarding whether delayed diagnosis of

a foot injury constitutes medical malpractice "involves complex issues of medical care" and,

therefore, the narrow exception to the expert testimony requirement does not apply).

Defendant Trostle's motion to dismiss the medical negligence claim will be granted.

## IV.   Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal…should receive leave

to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State

Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).  Because the exceptions to filing a certificate of

merit under Pennsylvania law do not apply to Longo's claims, his claim fails as a matter of

law.  The Court thus concludes that allowing further leave to amend would be both futile and

inequitable.  *See Grayson*, 293 F.3d at 108; *see also Jones v. Unknown D.O.C. Bus Driver*

*& Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019) (where inmate plaintiff "has already had two chances to tell his story...giving him further leave to amend would be futile.").

## V.   Conclusion

For the reasons set forth above, the Court will grant the motion (Doc. 29) to dismiss by Defendant Trostle.  A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: January ___, 2024